## Kleber et al. *versus* Ward et al.

1. The property of a stranger found on demised premises, left for no purpose of trade or other purpose requiring protection, as a matter of public policy, is liable to distress for rent.

2. Prior to the Act of May 13th 1876, a piano leased to a tenant's wife for her private use, was liable to such distress for rent.

October 9th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term 1878, No. 107.

Replevin by Kleber & Bro., against William Ward and another, for a piano, distrained by defendants for rent due by J. H. Smith.

At the trial it appeared that the plaintiffs rented the piano to the wife of Smith for her private use, with the privilege of purchasing at a certain price, in which case the payments of rent were to be credited on account.

The distress was levied before the passage of the Act of May 13th 1876, exempting pianos, &c. (See McGeary *v.* Miller, 6 Norris 461.)

The defendants submitted the following point, which the court, Bailey, J., affirmed: "That if the property in dispute was found upon the demised premises, it was liable to distress for rent; and that the plaintiffs were not entitled to recover even if they owned it and had rented it to Mrs. Smith, as claimed."

The verdict was for defendants, when plaintiffs took this writ, and, inter alia, assigned for error the answer to the above point.

*A. M. Brown,* for plaintiffs in error.—The bailment to Mrs.

[Kleber *v.* Ward.]

Smith was a reasonable, customary and legal business transaction, clearly consistent with public policy, and in the interest of trade and business, and the property, both on principle and authority, was exempt from distress for rent: Brown et al. *v.* Sims et al., 17 S. & R. 138; Briggs et al. *v.* Large, 6 Casey 287; Riddle *v.* Weldon, 5 Whart. 9; Karns et al. *v.* McKinney, 24 P. F. Smith 387; Cadwalader *v.* Tindall, 8 Harris 422.

*Bruce & Negley*, for defendants in error.—The property in controversy, was, with other furniture, distrained on the demised premises, a dwelling-house, and if the law was as contended for by the plaintiffs in error, a tenant, by leasing or borrowing all his furniture, might defeat the landlord's right of distress. The property was not received in the course of business as a means of making a livelihood, and does not come within the exceptions of the common-law rule: Price *v.* McCallister, 3 Grant 248; Cadwalader *v.* Tindall, *supra*.

The judgment of the Supreme Court was entered, October 14th 1878,

PER CURIAM.—The piano in this case was simply the property of a stranger, found on the demised premises, left for no purpose of trade or other purpose requiring protection, as a matter of public policy. It did not belong to or further the business of J. H. Smith, but was simply leased to his wife, at a rental, for her private benefit. The fact that the Act of Assembly of 13th May 1876 was passed to exempt pianos, melodeons and organs from levy and sale in such a case, is a legislative interpretation of the law as it stood before. We see no error.

Judgment affirmed.